IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **REGINALD HAWKINS,** : | CIVIL ACTION |
| Petitioner : | |
| : | |
| **v.** : | |
| : | |
| **SUPERINTENDENT LAWLER, et al.,** : | No.  09-CV-344 |
| Respondents : | |

REPORT AND RECOMMENDATION

**TIMOTHY R. RICE**                                                                                              **May 29, 2009**
**U.S. MAGISTRATE JUDGE**

    Petitioner Reginald Hawkins, a.k.a. Tracy Marrow, a prisoner at the State Correctional Institution in Huntington, Pennsylvania, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Because Hawkins' petition is a second or successive habeas petition, I recommend Hawkins' claims be dismissed without prejudice for lack of jurisdiction.  Hawkins may then seek authorization from the United States Court of Appeals for the Third Circuit to file a second or successive petition.  See 28 U.S.C. § 2244(b)(3)(A); Benchoff v. Colleran, 404 F.3d 812, 820 (3d Cir. 2005)

FACTUAL AND PROCEDURAL HISTORY

    Hawkins was convicted of robbery and, on June 1, 1990, was sentenced to a two-to-twelve-year prison term.  Following his incarceration, Hawkins was paroled from this sentence twice,[1] found to have violated parole, and sentenced for the violations.  See Memorandum of

---

[1] Hawkins served time for different sentences during the relevant period.  To avoid confusion, the sentence forming the basis of Hawkins' federal petition – the sentence he is still serving – will be referred to as his 1990 sentence.  In 1996, he was paroled from his 1990 sentence to serve his 1996 sentence.  See Commonwealth's Answer at Ex. 3.  When he completed serving the 1996 sentence in 1999, he was released, but remained on parole for his

Law in Support of Answer to Petition for Writ of Habeas Corpus, Hawkins v. Superintendent Lawler, et al., No. 09-344, at Ex. 2 (E.D. Pa. filed Mar. 27, 2009) [hereinafter Commonwealth's Answer]. In 2002, after his second release from prison, he was arrested for a crime committed in New Jersey. Id. at Ex. 7. He pled guilty to, and was sentenced for, the New Jersey offense. Id. at Ex. 7, 8.

On February 8, 2007, Hawkins filed his first federal habeas petition, which was signed January 12, 2007, alleging: "(1) constitutional deprivations based on the unlawful retroactive application of a post-1996 statute (Ex Post Facto claim); (2) invalid parole process; and (3) 'manifest wilful, malicious and vindictive process.'" Hawkins v. Pennsylvania Board of Probation and Parole, 2007 WL 1852822, at *2 (E.D. Pa. June 26, 2007) (Davis, J.). Judge Davis treated Hawkins' second and third claims as due process claims. Id., at *2 n.4. Hawkins had also claimed his maximum release date was miscalculated. See id. In addition, Hawkins filed a motion to amend his supplemental brief, claiming a "Department of Corrections employee committed willful and malicious misconduct which caused Hawkins to receive additional backtime." See id., at *2 n.3. The court denied this motion as moot. Id., at *1. Judge Davis denied Hawkins' claims as procedurally defaulted or, in the alternative, meritless. Hawkins, 2007 WL 1852822, at *5. He also specified the steps Hawkins should have taken to exhaust his claims in state court. Hawkins, 2007 WL 1852822, at *1.

Subsequently, on December 4, 2007, Hawkins filed a petition for writ of mandamus and application for relief with the Commonwealth Court of Pennsylvania. See Commonwealth Answer at Ex. 10. The Commonwealth Court dismissed the petition, noting "it appearing that

---

1990 sentence. See id. at ex. 2.

petitioner is challenging the recalculation of his parole violation maximum date, such an action is properly brought in this court's appellate jurisdiction, and this court's original jurisdiction cannot be used to revive lapsed appellate rights." See id. On March 24, 2008, Hawkins appealed to the Pennsylvania Supreme Court, which quashed the motion on May 29, 2008. See id.

Meanwhile, on January 18, 2008, the Pennsylvania Board of Probation and Parole (the "Board") had modified its December 4, 2007 action, reducing Hawkins' parole violation maximum date from February 9, 2013 to May 15, 2011. Id. at Ex. 12. Hawkins filed a petition for administrative review of this notice. Id. at Ex. 13. The Board explained it recalculated the new maximum release date because it credited Hawkins with 615 days of time-served credit, for the time he was "held solely on the Board's warrant prior to [his] recommitment order."[2] Id. Hawkins did not appeal or file any other motions in state court.     On January 26, 2009, Hawkins filed a second federal habeas petition, signed January 8, 2009. He claimed: (1) the Board violated Res Judicata by requiring him to twice serve his eighteen-month sentence for a technical parole violation; (2) his maximum sentence date was illegally modified from 2002 to 2011; (3) the Board violated the Full Faith and Credit Clause because it did not permit Hawkins to serve his Pennsylvania sentence concurrently with the New Jersey sentence, which New Jersey ordered; and (4) an employee from the Pennsylvania Department of Corrections records room

---

[2] The Commonwealth stated the Board took this action to adhere to the Pennsylvania Commonwealth Court's decision in Santiago v. Pennsylvania Board of Probation and Parole, 937 A.2d 610, 611-12 (Pa. Commw. 2007). See Commonwealth's Answer at 7. In Santiago, Maryland sentenced a Pennsylvania parole violator for a crime he committed in Maryland. The Maryland court ordered the Maryland sentence to be served concurrently with the Pennsylvania sentence. Id. at 612. The Santiago court ordered the Board "to recalculate Santiago's maximum term expiration date for his Pennsylvania sentenced based on the time served on his Maryland sentence." Id. at 616. The court, however, ordered credit be given for only the time Santiago was incarcerated in Pennsylvania for the Maryland conviction. Id.

gave a New Jersey sheriff a "fraudulent and outdated" warrant to bring Hawkins back to Pennsylvania. See Petition for Writ of Habeas Corpus by a Person in State Custody at 9, Hawkins v. Superintendent Lawler, et al., No. 09-344 (E.D. Pa. filed Jan. 26, 2009) [hereinafter Petition].

## DISCUSSION

I.   Hawkins' Petition is a Second or Successive Petition

Hawkins' petition should be dismissed as a "second or successive" petition. 28 U.S.C. § 2244(b). Although neither party raised the issue, I must determine whether the petition is second or successive because § 2244 implicates a District Court's subject matter jurisdiction. See Benchoff, 404 F.3d at 815 ("§ 2244 implicates both [the Third Circuit's] appellate jurisdiction and the District Court's subject matter jurisdiction").

Section 2244 "establishes the procedural and substantive requirements which govern 'second or successive' habeas petitions." Id. at 816. To determine whether a petition is 'second or successive' under § 2244, I must apply the abuse of the writ principles developed prior to the enactment of AEDPA. Id. at 817. Although a petition "is not second or successive simply because it follows an earlier federal petition," id. (quoting In re Cain, 137 F.3d 234, 235 (5th Cir. 1998)), a claim is barred if the claim could have been raised in an earlier habeas corpus petition, id. (citing McCleskey v. Zant, 499 U.S. 467, 493-95 (1991). A claim challenging the administration of a sentence is barred only if it "had not arisen or could not have been raised at the time of the prior petition." Id. Therefore, I must determine whether the petitioner could have raised his current claims in his first habeas petition. Id.

All claims raised in Hawkins' 2007 petition were dismissed as procedurally defaulted, or,

in the alternative, meritless.  Hawkins, 2007 WL 1852822, at *5.  This constitutes an adjudication on the merits.  See, e.g., Cureton v. Rozum, 2009 WL 229768, at *2 n.10 (E.D. Pa. Jan. 30, 2009) (Stengel, J.); Ross v. Coleman, 2008 WL 2230643, at *1 (E.D. Pa. May 22, 2008) (Shapiro, J.).  In his 2007 petition, Hawkins alleged: "(1) constitutional deprivations based on the unlawful retroactive application of a post-1996 statute (Ex Post Facto claim); (2) invalid parole process; and (3) 'manifest wilful, malicious and vindictive process.'"  Hawkins, 2007 WL 1852822, at *2.  The court treated Hawkins' second and third claims as due process claims.  Id., at *2 n.3.  Hawkins also alleged the Board miscalculated his sentence and attempted to raise his employee misconduct claim.  See id., at *2 n.4.

In his current petition, Hawkins alleges: (1) the Board violated res judicata twice by requiring him to serve his eighteen-month sentence for a technical parole violation; (2) his maximum sentence date was illegally modified from 2002 to 2011; (3) the Board violated the Full Faith and Credit Clause because it did not permit Hawkins to serve his Pennsylvania sentence concurrently with the New Jersey sentence, which the New Jersey court had ordered; and (4) an employee from the Pennsylvania Department of Corrections records room gave a New Jersey sheriff a "fraudulent and outdated" warrant to bring Hawkins back to Pennsylvania.  See Petition at 9.

Hawkins raised the illegal sentence claim in the 2007 petition.  In addition, he was aware of the facts underlying his Full Faith and Credit Clause, employee misconduct, and res judicata claims before filing his 2007 petition.  See Hawkins, 2007 WL 1852822, at *1-2.  He had even attempted to raise his claim regarding the Department of Corrections employee in his first petition.  Id., at *2 n.3.  Therefore, because Hawkins either raise, or could have raised, the claims

from his current habeas petition in his prior petition, his current petition is a "second or successive" petition.  Therefore, it must be dismissed unless Hawkins complied with the procedural and substantive requirements of § 2244.  See Benchoff, 404 F.3d at 816 (district court lacks authority to consider a second or successive petition's merits unless § 2244's procedural and substantive requirements are satisfied).

Sections 2244(b)(1)-(3) "impose three requirements on second or successive petitions." Gonzalez v. Crosby, 545 U.S. 524, 529 (2005).  An applicant must first "file in the court of appeals a motion for leave to file a second or successive habeas application in the district court." Benchoff, 404 F.3d at 816 (quoting Felker v. Turpin, 518 U.S. 651, 657 (1996)).  A three-judge panel then will determine "whether there is a prima facie showing that the application satisfies § 2244's substantive requirements." Id. (citing 28 U.S.C. § 2244(b)(3)(D)).  Pursuant to § 2244's substantive requirements, if a claim "has already been adjudicated in a previous petition," it must be dismissed.  28 U.S.C. § 2244(b)(1); accord Gonzalez, 545 U.S. at 529-30.  In addition, a claim not yet adjudicated "must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence."  See id. at 530 (citing 28 U.S.C. § 2244(b)(2)). "Unless both the procedural and substantive requirements of § 2244 are met, the District Court lacks authority to consider the merits of the petition."  Benchoff, 404 F.3d at 816.

Hawkins failed to seek permission from the United States Court of Appeals for the Third Circuit to file a second or successive petition.  Therefore, the district court lacks jurisdiction to review the second or successive petition.  § 2244(b)(3); accord Gonzelez, 545 U.S. at 530; Benchoff, 404 F.3d at 816.

6

If a petition is filed in the district court without authorization, a court may dismiss the petition for lack of jurisdiction or, if in the interest of justice, transfer the petition pursuant to 28 U.S.C.A. § 1631.  Veasey v. Attorney General's Office Pa., 2008 WL 1019731, at *2 (E.D. Pa. Apr. 7, 2008) (Dubois, J.) (citing Robinson v. Johnson, 313 F.3d 128, 139-40 (3d Cir. 2002).  Accordingly, I recommend Hawkins' petition be dismissed without prejudice for lack of jurisdiction.  Hawkins may then seek authorization from the Third Circuit to file his second or successive petition.  See Benchoff, 404 F.3d at 820.

II.     Procedurally Defaulted

Even if Hawkins' petition was not second or successive, his claims are procedurally defaulted.  A federal court may not grant habeas relief to a state prisoner unless the prisoner exhausted his available remedies in state court.  28 U.S.C. § 2254(b); Cone v. Bell, 2009 WL 1118709, at *9 (S.Ct. Apr. 28, 2009); O'Sullivan v. Boerkel, 526 U.S. 838, 839 (1999); Nara v. Frank, 488 F.3d 187, 197 (3d Cir. 2007).  A state prisoner must complete "the State's established appellate review process" to "give the state courts one full opportunity to resolve any constitutional issues."  O'Sullivan, 526 U.S. at 845; Nara, 488 F.3d at 197; see Cone, 2009 WL 1118709, at *9; see also Woodford v. Ngo, 548 U.S. 81, 92 (2006).[3]  A petitioner "shall not be deemed to have exhausted the remedies available . . . if he has the right under the law of the [s]tate to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).

"[I]f [a] petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now

---

[3] Pennsylvania Supreme Court Order No. 218 declares federal habeas petitioners no longer have to appeal to the state supreme court to satisfy the exhaustion requirement.  See Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d Cir. 2004).

7

find the claims procedurally barred . . . there is procedural default for purposes of federal habeas . . . ." Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991); McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999).  Although the issue is best addressed by the state courts, a federal court may dismiss a petition as procedurally barred if state law would unambiguously deem it defaulted.  See Carter v. Vaughn, 62 F.3d 591, 595 (3d Cir. 1995).  Similarly, procedural default occurs when a petitioner presented the claim in the state system, but the state court refuses to address the claim on the merits because of "a state-law ground that 'is independent of the federal question and adequate to support the judgment.'"  Cone, 2009 WL 1118709, at *9 (quoting Coleman, 501 U.S. at 729).  The purpose of the procedural default rule is to prevent habeas petitioners from avoiding the exhaustion doctrine by defaulting their claims in state court.  Coleman, 501 U.S. at 732.

The claims raised in Hawkins' 2007 habeas petition were procedurally defaulted because he failed to exhaust the claims in state court and state court procedural rules would have barred review.  Hawkins, 2007 WL 1852822, at *1, *4.  Although Hawkins subsequently filed a petition for a writ of mandamus in the Commonwealth Court of Pennsylvania, the court refused to review Hawkins' claim because his action was "an action properly brought in [the Commonwealth Court's] appellate jurisdiction, and [the] court's original jurisdiction [could not] be used to revive lapsed appellate rights."  See Docket at 5 of 6.  Compare 42 Pa. Cons. Stat. § 763 (Commonwealth Court has "jurisdiction of appeals from final orders of government agencies") and Smith v. Pa. Bd. Of Prob. and Parol, 683 A.2d 278, 280 (Pa. 1996) (petition for review of government agency decision must be filed within 30 days of entry of the order), with 42 Pa. Cons. Stat. Ann. § 761 (listing the Commonwealth Court's original jurisdiction including

"actions or proceedings in the nature of applications for a writ of habeas corpus or postconviction relief not ancillary to proceedings within the appellate jurisdiction of the court"). This was an independent and adequate state law ground. See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 761 (3d Cir. 1996) (habeas review barred where petition failed to exhaust administrative remedies "due to a procedural default and the default renders unavailable the administrative process"). Therefore, Hawkins' claims are procedurally defaulted because the state court's refusal to review the claims' merits was based on an independent and adequate state law ground. See Zanini v. Williamson, 2008 WL 4861512, at *31 (M.D. Pa. Oct. 30, 2008).

Hawkins may obtain federal habeas review of claims defaulted pursuant to independent and adequate state procedural rules only if he can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750; Smith v. Murray, 477 U.S. 527, 533 (1986); see also Leyva, 504 F.3d at 362 n.6, 366; Griggs, 2007 WL 2007971, at *5. This requirement is grounded in the need for finality and comity, to ensure state courts have an adequate opportunity to review a case on the merits. Smith, 477 U.S. at 533.

To constitute cause to excuse default, Hawkins must show "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Coleman, 501 U.S. at 753 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)); Sistrunk, 96 F.3d at 675. To establish prejudice, Hawkins must show "actual prejudice resulting from the errors of which he complains." McClesky v. Zant, 499 U.S. 467, 494 (1991) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)). Actual prejudice exists if the alleged errors "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional

9

dimensions." Frady, 456 U.S. at 170.

To establish the requisite fundamental miscarriage of justice, Hawkins must demonstrate "actual innocence," see Schlup v. Delo, 513 U.S. 298, 324 (1995); Leyva, 504 F.3d at 366, by presenting "new reliable evidence," such as "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence" not presented at trial, Schlup, 513 U.S. at 324; Hubbard v. Pinchak, 378 F.3d 333, 339-41 (3d Cir. 2004) (addressing claim of actual innocence but rejecting it on the merits), that would make it more likely than not that "no reasonable juror would find [petitioner] guilty beyond a reasonable doubt," House v. Bell, 547 U.S. 518, 538 (2006); Schlup, 513 U.S. at 316 (even a "concededly meritorious constitutional violation" is not sufficient to establish a miscarriage of justice to excuse procedural default absent new evidence of innocence). Hawkins must show no reasonable juror would have found him guilty, and not merely that a reasonable doubt exists in light of the new evidence. Schlup, 513 U.S. at 329.

Hawkins merely maintains he exhausted his claims because he presented them in his writ of mandamus. See Petitioner's Reply at Summarized Arguments. He does not allege any cause to excuse his default and he does not present, nor can I find, any new evidence to establish a miscarriage of justice.

Accordingly, I make the following recommendation.

**RECOMMENDATION**

AND NOW, this 29th day of May, 2009, it is respectfully recommended the petition for a writ of habeas corpus be DISMISSED without prejudice. It is further recommended that there is no probable cause to issue a certificate of appealability.[4] The petitioner may file objections to this Report and Recommendation within ten days after being served with a copy thereof. See Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights. See Leyva v. Williams, 504 F.3d 357, 364 (3d Cir. 2007).

BY THE COURT:

\s\ TIMOTHY R. RICE
TIMOTHY R. RICE
U.S. MAGISTRATE JUDGE

---

[4] Jurists of reason would not debate my recommended procedural or substantive dispositions of the petitioner's claims. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). Therefore, no certificate of appealability should be granted. See id.