IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REGINALD HAWKINS, Petitioner, | : | CIVIL ACTION |
| v. | : : : : | |
| SUPERINTENDENT LAWLER, et al., Respondents. | : : | NO. 2:09-cv-344 |

ORDER

AND NOW, this 10th day of August 2009, upon consideration of the Petition for Writ of Habeas Corpus (Doc. No. 1), Respondents' Response in opposition thereto (Doc. No. 6), Petitioner's Objections to Respondent's Brief (Doc. No. 8), Magistrate Judge Timothy Rice's Report and Recommendation (Doc. No. 9), Petitioner's Objections to Report and Recommendation (Doc. No. 11), Petitioner's Motion for Permission to Amend Objections to Report and Recommendation (Doc. No. 10), and Petitioner's Request to Bring Forth an Addendum to Better Clarify How Illegal Sentence Had Caused Illegal Extension of Max Date Pursuant to His Habeas Corpus Action (Doc. No. 12), it is hereby ORDERED as follows:

1. Petitioner's Motion for Permission to Amend Objections to Report and Recommendation (Doc. No. 10) and Petitioner's Request to Bring Forth an Addendum to Better Clarify How Illegal Sentence Had Caused Illegal Extension of Max Date Pursuant to His Habeas Corpus Action (Doc. No. 12) are GRANTED.[1] In evaluating the present matter, we have considered the arguments presented in each of those documents.

2. The Report and Recommendation is APPROVED AND ADOPTED;

3. The Petition for a Writ of Habeas Corpus is DISMISSED without prejudice;

---

[1] Although the documents are styled as motions to amend, they include the text of each amendment and addition that Petitioner proposes to make.

1

4. There is no probable cause to issue a certificate of appealability because reasonable jurists would not find the correctness of the procedural or substantive disposition of the petitioner's claims debatable. See Slack v. McDaniel, 529 U.S. 473, 484 (2000);

5. The Clerk of Court shall mark this case CLOSED for statistical purposes.

In the Report and Recommendation, Judge Rice correctly found that the Petition must be dismissed because it was a second or successive petition and because Petitioner's claims are procedurally defaulted. We write separately to address issues raised in Petitioner's Objections and Motion to Amend Objections.[2]

The Report and Recommendation concluded that the Petition was a second or successive petition because it followed Petitioner's 2007 habeas petition. Under 28 U.S.C. § 2244(b), second or successive petitions may only be filed with permission from the Third Circuit Court of Appeals. Petitioner never requested such permission prior to filing the present petition. A habeas petition is excepted from the "second or successive" rule when the claims raised therein "had not arisen or could not have been raised at the time of the prior petition." Benchoff v. Colleran, 404 F.3d 812, 818 (3d Cir. 2005). In his Objections and Motion to Amend Objections, Petitioner asserts that he could not have brought his Full Faith and Credit claim at the time of his previous petition because he was not aware of the Full Faith and Credit law. However, it is clear from his submission that, prior to filing his original habeas petition, he was aware of the factual

---

[2] Having considered the facts asserted and arguments made in Petitioner's Request to Bring Forth an Addendum (Doc. No. 12), we find they do not at all affect the factual and legal correctness of the conclusions reached by the Report and Recommendation. The Addendum simply introduces additional facts in support of Plaintiff's illegal maximum sentence claim. Because the conclusions of the Report and Recommendation rest upon procedural defects with respect to Plaintiff's claims and not upon the substance of the claims, we find that the Addendum has no impact on the resolution of this matter.

2

predicate for his claim, namely that the New Jersey court ordered the sentence to run concurrently and the Pennsylvania authorities told him that "they did not run their time concurrent with any new sentences."[3] (Petitioner's Mot. Amend ¶ 2.) Therefore, it is clear that the claim had arisen and could have been brought at the time of his original habeas petition. See Kirk v. Phelps, 596 F. Supp. 2d 835, 839 (D. Del. 2009) (finding that a claim could have been brought for purposes of the "second or successive" rule where the Petitioner was aware of the factual predicate for his claim at the time he filed his first petition). Accordingly, we conclude that the claim is indeed subject to the "second or successive" rule.

Furthermore, we find that all of Petitioner's additional objections simply re-assert arguments which Judge Rice considered and addressed in his Report and Recommendation.

Having considered all of Petitioners' objections and amendments, we find that the conclusions reached by Judge Rice in his Report and Recommendation are factually and legally correct.

BY THE COURT:

Legrome D. Davis, J.

---

[3] As Judge Rice explained in the Report and Recommendation on Plaintiff's 2007 habeas petition:
> Under Pennsylvania law, backtime must be served consecutive to any new sentence, see Rauser v. Pennsylvania Bd. of Prob. & Parole, 107 Pa. Commw. 216, 528 A.2d 290, 293 (Pa. Commw. Ct. 1987), which requirement cannot be altered by a judge, Commonwealth v. Dorian, 468 A.2d 1091, 1092 (Pa. 1983).

Hawkins v. Pennsylvania Bd. of Probation and Parole, 07-0552, 2007 WL 1852822 at *2 (E.D. Pa. Jun. 26, 2007).